## John Kerr

*v.*

### Henry S. Little, receiver &c.

Complainant, who was a lime-burner, made a contract with the receiver of a railroad to remove the ashes &c. from a certain ash-pit where the locomotives dumped their ashes, for the ashes and cinders, which contract was to continue for a year. At the end of six months the assistant general superintendent of the company terminated the contract, not because it was considered disadvantageous to the company, but, as then stated, because of the jealousy of other lime-burners in the neighborhood.—*Held*, that complainant could recover the damages he had sustained from the breach of the contract.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. A. A. Clark,* for complainant.

*Mr. B. Williamson,* for defendant.

Kerr v. Little.

THE CHANCELLOR.

This suit is brought to recover damages for the breach of a contract which the complainant alleges was made with him by Francis S. Lathrop, the former receiver of the Central Railroad Company of New Jersey, by which it was agreed between the parties that the complainant should clean and keep clean, for a year from March 1st, 1878, the ash-pit at a place called Junction Station in Hunterdon county, where the locomotive engines of the company emptied their ashes, and that for his compensation the complainant should have for his own use cinders and coals to be taken by him from the pit with the ashes. The grounds of jurisdiction in this case, which is merely a suit for damages, were stated in the decision overruling the demurrer. *Kerr* v. *Little, 12 Stew. Eq. 83.*

The complainant (who was a lime-burner) had the benefit of the contract for six months when he was discharged, not because of any fault on his part, but because Mr. Stearns, the assistant general superintendent of the company, thought it proper to do so in order to put a stop to jealousies which the fact that the complainant had the benefit of the contract had engendered in the minds of other lime-burners in the neighborhood. In his letter of August 31st, 1878, to George W. Howland, then an employee under him, but now deceased, and George W. Abbott, then also an employee, and by whom the contract in question was made, Mr Stearns said:

"From September 1st, prox., we will discontinue the contract arrangement of having Hampton ash-pit cleaned by outsiders for the contents of same, and hereafter do the work ourselves same as at other points, and dispose of the cinders the same as we did formerly. This will put a stop to any jealousy. or ill-feeling on the part of the lime men who are not individually benefited by the present arrangement."

The defendant denies that the arrangement was for any specified period, but insists that it was a mere privilege determinable at the will of the company. The proof is that the agreement was made as the complainant alleges. Mr. Abbott, by whom it was made on behalf of the company, says not only that the

34

arrangement was to continue for a year, but that he had authority from Mr. Stearns to make it for such period, and neither more nor less. The contract having been broken by the receiver without fault on the part of the complainant, and not only without his consent but against his protest, the complainant is entitled to damages.

It appears that the coals and cinders were worth to him, not only for use in lime-burning (in view of which use of them he made the contract), but also for sale, $3 a ton, and the average amount which he got daily was four and a half tons and the cost was $2 a day. There will be a decree in his favor for damages to the amount of $1,794, with lawful interest from the 1st of May, 1879.

It is urged on behalf of the defendant that the contract was an improvident one, and that therefore this court should not sanction it by giving damages for the breach of it on the part of the receiver. But it was not broken on that account, and it seems to have been regarded as desirable except for the reason that being held by a lime-burner it created jealousy and ill-feeling on the part of other neighboring lime-burners. The complainant was bound by the contract and might have been compelled to pay damages for breach of it on his part.

On the other hand, he should be protected in his interest in it. It was not, to say the least of it, so uneconomical an arrangement for the railroad company that he could be held to have had notice that it was one which the court probably would not sanction.